UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD KHALIL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 14-cv-5359 |
| v. | ) | |
| | ) | |
| CONTRACT CALLERS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

# COMPLAINT

Plaintiff, Mohammad Khalil, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Mohammad Khalil ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comed consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4.	Defendant, Contract Callers, Inc. ("CCI"), is a Georgia corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.	CCI is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6.	CCI is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, CCI conducts business in Illinois.

7.	Moreover, CCI is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8.	In fact, CCI acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9.	Plaintiff incurred a debt for goods and services purchased and used for personal purposes, originally for a Comed consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

10.	Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11.	CCI purportedly purchased the alleged debt sometime thereafter.

12.	Plaintiff subsequently sought the legal assistance of the legal aid attorneys at the Debtors Legal Clinic for some problems she was having with debt collectors, including Defendant.

13. On March 21, 2014, Plaintiff's legal aid attorneys sent CCI a letter that Plaintiff disputed the validity of indebtedness as alleged by CCI. (Exhibit C, Dispute Letter).

14. CCI received the letter from Plaintiff's legal aid attorneys on March 21, 2014.

15. On or about June 21, 2014, CCI communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the original creditor and a pay status. (Exhibit D, TransUnion Credit Report).

16. On or about June 21, 2014, CCI communicated a balance on the alleged debt of $110 to the TransUnion consumer reporting agency. (Ex. D, TransUnion).

17. CCI failed to communicate that Plaintiff's alleged debt was disputed when it communicated information to TransUnion, relating to the account, on June 21, 2014.

18. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations.**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

19. On or before June 21, 2014, CCI knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified CCI of that dispute by letter on March 21, 2014.

20. Even though CCI knew or should have known, prior to June 21, 2014, that Plaintiff disputed owing the alleged debt, CCI failed to thereafter communicate the fact of

Plaintiff's dispute to the TransUnion credit reporting agency when CCI communicated other information regarding the alleged debt on June 21, 2014, in violation of 15 U.S.C. § 1692e(8).

21. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff re-alleges paragraphs 1-21 as if set forth fully in this count.

23. CCI failed to communicate that a disputed debt was disputed, in violation of 15 U.S.C. 1692e(8), when it communicated other information regarding the alleged debt to the TransUnion consumer reporting agency without noting the fact of Plaintiff's dispute made previously to CCI.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in their favor against Defendant for the count alleged above for:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Michael J. Wood                                                  By: \s\ Michael J. Wood
Attorney at Law                                                      Michael J. Wood
Consumer Protection Law Center, Ltd.

565 W. Adams Street, Suite 635
Chicago, IL 60661
ph: 312.757.1880 | fax: 312.476.1383
mwood@cplc-law.com